Per Curiam.

There is no question, that the property of minors, personabas well as real, is liable to be assessed in the public taxes. The tax acts, from year to year, make no exception of this kind. Indeed, such an exception would be highly unreasonable, since many of the first estates in the country are, at one time or another, the property of minors.
It is also apparent, from an examination of the tax acts, passed from time to time, that such taxes are to be set to the guardian per sonally.[† Thus, in the fourth section, the assessors are required to distinguish any sum assessed on any person as guardian, or for any estate held in trust, &c. Nor can we perceive any inconvenience resulting from this. The guardian is taxed for no property, but what he has under his control. He can raise a sum necessary for the payment of !he tax, as easily as others can procure it from property they hold in their own right. He knows, too, the proportion which each of his wards is chargeable with, and can make each of them debtor for his or her share.
We see nothing in the conduct of the defendants in this case, but what they had a right, and, indeed, were bound by the duty of their office, to do. The plaintiff must, therefore, be called.

Plaintiff nonsuit

 So by Rev. Stal. c. 7, § 10 (fourth clause). — Ed.]